## LONDON GUARANTEE & ACCIDENT CO., Ltd., et al. v. RHOADES et al.

### No. 364.

District Court, W. D. Louisiana, Shreveport Division.

May 21, 1941.

Wilkinson, Lewis, Wilkinson & Naff and John Madison, all of Shreveport, La., for plaintiff.

Foster, Hall & Smith, Whitfield Jack, James T. Jeter, Harvey G. Fields, U. S. Atty., and John A. Patin, Asst. U. S. Atty., all of Shreveport, La., for defendants.

James A. Van Hook, of Shreveport, La., tutor ad hoc.

DAWKINS, District Judge.

The plaintiff, insurer against liability to its employees by the Meriweather Supply Company, filed this suit for a declaratory judgment, alleging that one of the employees of said Supply Company had been killed under circumstances which made the State employer's liability law applicable if liability exists, rather than the Federal Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901, et seq.; that notwithstanding the Deputy Commissioner had or did proceed with a hearing to fix compensation under the Federal statute; and that in the meantime, some of the defendants, heirs of the deceased, had filed suit in the state court. The prayer was for a decree that "this case is not covered by the provisions of the Longshoremen's and Harbor Workers' Compensation Act" and that the Commissioner be restrained from conducting any further proceedings "in connection with the death" of the deceased.

My associate entered an order that "pending the outcome of the proceeding", the Commissioner "is hereby restrained from conducting any further proceedings in connection with the death of the said David Rhoades, Jr.". Jurisdiction was based upon the theory that construction of a Federal statute was involved. The Commissioner filed a motion to dissolve the injunction and to dismiss the proceedings.

The motion to dismiss is based upon the proposition that the court is without jurisdiction or power to interfere with the administrative functions of the Commissioner until he has rendered some enforceable order in accordance with the express provisions of the Act itself.

590

The complaint clearly shows that no final order has been entered. The Commissioner was authorized to investigate and determine, first, whether the case fell under his jurisdiction and secondly, the amount, if any, of recovery that could be allowed. In those circumstances, the jurisprudence appears to be clearly to the point that the courts will not interfere until the Commissioner has acted. Anyone adversely affected by his rulings has his remedy through the procedure prescribed by the statute itself, including constitutional questions. See Paramino Lumber Company v. Marshall, Deputy Commissioner, 9 Cir., 95 F.2d 203, Bradley Lumber Company v. National Labor Relations Board, 5 Cir., 84 F.2d 97.

The motion to dissolve the injunction and dismiss the proceedings will therefore be sustained.

Proper decree should be presented.