GRIMES *v.* RAYMOND CONCRETE PILE CO. ET AL.

No. 456.   Argued March 10, 1958.—Decided April 7, 1958.

*Harry Kisloff* argued the cause for petitioner.  With him on the brief was *George J. Engelman.*

*Frank L. Kozol* argued the cause for respondents.  With him on the brief was *Thomas D. Burns.*

PER CURIAM.

The petitioner brought this suit in the District Court for the District of Massachusetts.  He sought damages under the Jones Act, 46 U. S. C. § 688, for injuries suffered while being transferred at sea in a "Navy life ring" from a tug to a Texas tower which the respondents, his employers, were constructing under a contract with the Government on Georges Bank, 110 miles east of Cape Cod.

The District Court directed a verdict for the respondents at the close of the petitioner's case. The trial judge indicated his view that the evidence created a fact question on the issue as to whether the petitioner was a crew member, but held that the petitioner's exclusive remedy was under the Defense Bases Act, 42 U. S. C. §§ 1651–1654, which incorporates the remedies of the Longshoremen's and Harbor Workers' Compensation Act, 33 U. S. C. §§ 901–950. The Court of Appeals for the First Circuit held that the Defense Bases Act did not provide the exclusive remedy for a member of a crew in light of § 1654 of the Act providing "This chapter shall not apply in respect to the injury . . . of . . . (3) a master or member of a crew of any vessel." However, the Court of Appeals affirmed the District Court's judgment, one judge dissenting, upon the ground that the evidence was not sufficient to create a fact question as to whether the petitioner was a crew member. 245 F. 2d 437. We granted certiorari, 355 U. S. 867.

We hold, in agreement with the Court of Appeals, that 42 U. S. C. § 1654 saves the remedy under the Jones Act created for a member of a crew of any vessel. We hold further, however, in disagreement with the Court of Appeals, that the petitioner's evidence presented an evidentiary basis for a jury's finding whether or not the petitioner was a member of a crew of any vessel. *Senko* v. *LaCrosse Dredging Corp.*, 352 U. S. 370; *Gianfala* v. *Texas Co.*, 350 U. S. 879; *South Chicago Co.* v. *Bassett,* 309 U. S. 251.

The judgment is reversed and the case remanded to the District Court for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE FRANKFURTER is of opinion that, since the course of argument demonstrated that the case turns

entirely on evaluation of evidence in a particular set of circumstances, the writ of certiorari was improvidently granted and should be dismissed.

MR. JUSTICE HARLAN, whom MR. JUSTICE WHITTAKER joins, dissenting.

Even stretching the Court's past opinions in this field to their utmost, e. g., Senko v. LaCrosse Dredging Corp., 352 U. S. 370, I cannot agree with today's decision. The Court of Appeals is said to have erred in holding the evidence insufficient to warrant a jury finding that petitioner was a "member of a crew of any vessel," and thus entitled to avail himself of the remedies for seamen provided by the Jones Act. See Swanson v. Marra Bros., Inc., 328 U. S. 1. In view of the fact that it has long been settled that a "member of a crew" is one who is "naturally and primarily on board [a vessel] to aid in . . . navigation," South Chicago Coal & Dock Co. v. Bassett, 309 U. S. 251, 260, a statement of the facts in this case should suffice to show why I disagree with the Court.

Respondent had contracted to install for the United States Government at a site 110 miles seaward of Cape Cod a "Texas Tower"—a triangular metal platform superimposed some 60 feet above the surface of the sea on supports permanently affixed to the floor of the ocean by three caissons, and utilized to operate a radar warning station. Petitioner, a member of the Pile Drivers Union, had been employed by respondent as a pile driver on the project. For several weeks, petitioner assisted in the completion of the tower in the Bethlehem East Boston Yards. When the tower was towed to sea, petitioner with about 25 other workmen lived on the tower and kept it in condition by operating air compressors, generators, and pumps to expedite installation at the permanent site, as well as by performing certain functions to keep it in safe tow. After the tower was anchored at its per-

manent site and while the temporary pilings were being driven down, petitioner performed only pile-driving.

Six days after the tower had been placed in its permanent position, petitioner and several other workmen were sent to a nearby barge, which was without crew and used solely to transport construction materials, to prepare for transfer of such materials to the tower. They reached the barge by way of a tug, worked there for about six hours, and then started on their return to the tower. While on the Navy life ring which was used to effect his transfer from tug to tower, petitioner was injured when the life ring collided with the pilothouse on the tug.

On these facts I am unable to see how a jury could permissibly find petitioner to be a "member of a crew of any vessel" under any sensible meaning of that phrase. Presumably the Court does not consider as a vessel this man-made island, the Texas Tower, which was securely fixed to the ocean bed before petitioner was injured. I find equally untenable the other possible basis for the Court's action—that petitioner's sporadic work for a few hours on the barge, a minor incident to his continuing employment as a pile driver on the tower, could be found to transform him at the time of the accident into a seaman and a member of the crew of the barge. If the "standing" requirements of the Jones Act are still to be regarded as having any real content, I can find no room for debate that this individual is not a seaman, unless a "seaman" is to mean nothing more than a person injured while working at sea. We should give effect to the law as Congress has written it.

It should be remembered that Congress has not left this petitioner remediless, but has provided him with redress under the Defense Bases Act, 42 U. S. C. § 1651.* Indeed, petitioner has already followed that path and collected compensation for his injuries.

---

*I agree with the Court that the Defense Bases Act does not foreclose *seamen* from having recourse to the Jones Act.