**Perry Blon CHANCE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17609.**

United States Court of Appeals
Fifth Circuit.

May 13, 1959.

John F. Bryan, Jr., Albert S. Johnston, III, Donald W. Cumbest, Johnston & Bryan, Pascagoula, Miss., for Perry Blon Chance, appellant.

Lawrence F. Ledebur, Atty., Dept of Justice, Washington, D. C., E. R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., Robert E. Hauberg, U. S. Atty., Jackson, Miss., George Cochran Doub, Asst. Atty. Gen., Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the trial court, sitting in admiralty, dismissing appellant's libel seeking to establish a maritime lien for his wages as a seaman in relation to certain fishing vessels which were sold under foreclosure proceedings.

In order to be entitled to such a lien superior to a holder of a preferred fleet mortgage, appellant must qualify under Section 30, subsection M, Ship Mortgage Act, 1920, 46 U.S.C.A. § 953. He must have been a "stevedore * * * [or a member] of the crew * * *." [1]

The trial court held that the appellant's duties of flying a seaplane to spot fish for the fishing fleet, for which he was paid some cash and a part interest in the catch, which duties did not require him to set foot on any vessel, do not measure up to the standard required to constitute a person a "seaman." There is no doubt that appellant performed duties that were valuable in the fishing operations and that would otherwise be performed by a member of the crew of one of the boats. While it is difficult to conceive of an airplane pilot as a seaman, and this Court has heretofore announced definitions of the term seaman as requiring, as a minimum, actual presence on some type of vessel, Gale v. Union Bag & Paper Co., 5 Cir., 116 F.2d

---

[1] In his brief appellant equates the term "member of the crew" with "seaman." He does not contend that even though not a seaman he might here qualify as a member of the crew.

27, certiorari denied 313 U.S. 559, 61 S.Ct. 837, 85 L.Ed. 1519; Osland v. Star Fish & Oyster Co., 5 Cir., 107 F.2d 113, the Supreme Court has recently held that ordinarily it is a jury question whether a worker about vessels and the sea is a seaman. Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737. We have followed the teaching of that case in the recently decided case of Offshore Company v. Robison, 5 Cir., 266 F.2d 769. That opinion carefully discussed the expanding concept of who may be a seaman. However, the most that is required by these two decisions even under the Jones Act, 46 U.S.C.A. § 688, which has always been construed liberally to effect coverage, is that in a proper case the question must be submitted to a jury. Here, the trial court considered the evidence and concluded that Chance was not a seaman. On the record before us, we cannot hold that this determination was clearly erroneous.

The judgment is affirmed.