279 F.2d 75
 ATLANTIC & GULF STEVEDORES, INC., Appellant,
v.
P. J. DONOVAN, Deputy Commissioner for the 7th Compensation
District of the Bureau of Employee's Compensation,
United States Department of Labor; and
Charles Cook, Appellees.
 No. 18039.
 United States Court of Appeals Fifth Circuit.
 May 27, 1960.
 
 Marian Mayer, Guy W. Smith, New Orleans, La., for appellant.
 Lloyed Cyril Melancon, New Orleans, La., for appellees.
 Before JONES, BROWN and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellee, by Petition for Rehearing, urges a reconsideration of the proposition that 'although no claim has been filed with the Deputy Commissioner, the District Court may nevertheless issue a mandatory decree compelling the Deputy Commission 'to hear and adjudicate." In our opinion it was recited that the claimant, through his attorney, wrote the Deputy Commissioner to make further claim for compensation. We held, or intended to hold, that the letter from the claimant's attorney was a 'claim' within the meaning of Section 19(c) of the Longshoremen's and Harbor Workers' Compensation Act,[1] although not on the form prescribed by the Department of Labor. Since a claim was filed the insurance carrier of the employer and an 'interested party' under Section 19(c), had the right to apply for a hearing, and upon such application being made the Deputy Commissioner was under a duty to order a hearing upon the claim in the regular course of the administration of his office.
 
 
 2
 In the opinion we indicated that the Deputy Commissioner might be under a duty to conduct a hearing under Section 14(h) of the Act[2] upon application of an interested party and that such duty might be enforced by a mandatory injunction. A majority now concludes that any opinion with respect to this question should be reserved for a case where it is properly presented by the facts. Such question is not presented by the facts of this case and we now intend that no opinion shall be expressed as to how such question should be decided.
 
 
 3
 We adhere to our former holding in that, under Section 19(c), the Deputy Commissioner was under a duty to order a hearing. It follows that the decision was correct and the petition for rehearing is
 
 
 4
 Denied.
 
 
 5
 BROWN, Circuit Judge (dissenting).
 
 
 6
 I concur in the denial of the petition for rehearing. But I respectfully dissent in the holding that the Deputy Commissioner's duty to proceed with a hearing on the Employer's application came into being because the letter from the Claimant's lawyer constituted a 'claim.' This difference comprehends also the reservation-- for another case and another day-- of the question whether the Deputy Commissioner has the duty to proceed to a hearing where no written 'claim' has been filed. The reservation-- if not a retraction-- leaves the Court free in subsequent cases to reach a decision contrary to that previously announced and which, for the reasons extensively set out in the Court's original opinion, 274 F.2d 794, I firmly feel was correct. Under the Longshoremen's Act a written claim-- whether on the official form or by a letter or other writing-- is of little significance. It certainly is not the source or measure of the Deputy Commissioner's duty to administer.
 
 
 7
 I must therefore dissent.
 
 
 
 [1]
 33 U.S.C.A. 919(c)
 
 
 [2]
 33 U.S.C.A. 914(h)