**Sylvester LAWRENCE, Plaintiff,**

v.

**NORFOLK DREDGING CO., Inc., Defendant.**

**Civ. A. No. 3436.**

United States District Court
E. D. Virginia,
Norfolk Division.

June 5, 1961.

Sidney H. Kelsey, Norfolk, Va., for plaintiff.

Baird, Crenshaw & Lanning, Edward R. Baird, Norfolk, Va., for defendant.

WALTER E. HOFFMAN, District Judge.

Plaintiff, employed as a deckhand on defendant's dredge Talcott, was injured on September 3, 1957, while the dredge was in navigable waters at Oregon Inlet, near Manteo, North Carolina, when an anchor was allegedly dropped on his leg. Without the benefit of an award, plaintiff was paid the sum of $4,466.55 over a period of nineteen months and defendant further expended $6,196.64 by way of medical expense, all pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

On March 17, 1960, this action was instituted under the Jones Act, 46 U.S.C.A. § 688, in the United States District Court for the District of Columbia which, after certain preliminary proceedings, transferred the case to this Court. Defendant has now filed a motion to dismiss alleging that plaintiff elected to claim and receive the benefits of the Longshoremen's and Harbor Workers' Compensation Act and hence cannot now seek another remedy. There is no contention that plaintiff was not aware of his rights, and we are met with the single issue as to whether a "seaman," having elected to receive and accept the benefits of the Longshoremen's and Harbor Workers' Compensation Act, is thereby precluded from maintaining his action under the Jones Act. Stated otherwise, where the status of one aboard a vessel in navigable waters may be in serious dispute, does the election of one remedy foreclose recourse in another channel?

For the sole purpose of defendant's motion to dismiss, it is conceded that plaintiff occupies the technical status of "seaman." Arguing that cases arising under the "twilight zone" doctrine should preclude a possible remedy under the Jones Act, defendant seeks to invoke the principles established in Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246, and Hahn v. Ross Island Sand & Gravel Co., 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292. The difficulty with this contention is revealed in Norton v. Warner Co., 321 U.S. 565, 569, footnote 3, 64 S.Ct. 747, 88 L.Ed. 430, where the Supreme Court limited the effect of the Davis case to problems involving state compensation acts and the Longshoremen's and Harbor Workers' Act. As suggested in Norton, we have, in the present case, two mutually exclusive federal systems where the risk of choosing the wrong remedy has been anticipated by Congress and at least partially avoided. As Justice Douglas points out [321 U.S. 565, 64 S.Ct. 750], to permit an award to stand "there would be brought within the Act a group of workers whom we do not believe Congress intended to include," and "where Congress has provided that those basic rights [Jones Act, unseaworthiness, maintenance and cure] shall not be withheld from a class or classes of maritime employees it is our duty on judicial review to respect the command and not permit the exemption to be narrowed whether by administrative construction or otherwise."

In Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 688, 2 L.Ed.2d 737, an action was instituted under the Jones Act for injuries suffered while being transferred at sea in a "Navy life ring" from a tug to a Texas Tower in process of construction. The employer urged that plaintiff's exclusive remedy was under the Defense Bases Act, 42 U.S.C.A. § 1651–1654, which incorporates the remedies of the Longshoremen's and Harbor Workers' Act. The Supreme Court, noting that the Defense Bases Act does not apply in respect to the injury or death of "a master or member of a crew of any vessel," held that a jury question was presented as to the status of the injured employee. The dissenting opinion agreed that the Defense Bases Act does not foreclose "seamen" from having recourse to the Jones Act and, in Grimes, the record disclosed that the injured employee had collected compensation under the Defense Bases Act. As the provisions of the Longshoremen's and Harbor

Workers' Compensation Act, 33 U.S.C.A. § 902, specifically define an "employee" as not including "a master or member of a crew of any vessel," it is, in the opinion of this Court, impossible to reconcile the Norton and Grimes cases with the position now advanced by the defendant.

The authorities relied upon by the defendant deal, in the main, with conflicts arising under the "twilight zone" doctrine by reason of state and federal conflicts. Only in Ouzts v. A. P. Ward & Son, Inc., D.C.N.D.Fla., 146 F.Supp. 733, and Flores v. Prann, D.C.P.R., 175 F.Supp. 140, have questions of election by seamen been presented. In Ouzts, the Court merely held that, in any event, plaintiff would receive more under the compensation act than he would be entitled to under the general maritime law, and that no proof of negligence had been shown. The Flores case concluded that the Jones Act did not apply to the local waters of Puerto Rico and the Puerto Rican statute was on the same level as the Longshoremen's and Harbor Workers' Act. In affirming Flores, 282 F.2d 153, the First Circuit did not consider the election theory as advanced by the district court.

The holding in this case does no violence to the rights of the defendant. If it should be hereafter determined that plaintiff was a "harbor worker" covered under the Longshoremen's and Harbor Workers' Compensation Act, the amounts thus far expended would be no more than what plaintiff was legally entitled to in any event. If the plaintiff is successful in establishing that he was a "member of a crew" and hence entitled to sue under the Jones Act, and if he subsequently obtains a verdict in his favor, there is no problem of double recovery as the amounts received under the Longshoremen's and Harbor Workers' Act may properly be deducted from the verdict awarded him under the Jones Act. Gahagan Const. Corporation v. Armao, 1 Cir., 165 F.2d 301, certiorari denied 333 U.S. 876, 68 S.Ct. 905, 92 L.Ed. 1152. If plaintiff was a "member of a crew," he would ordinarily be entitled to maintenance and cure at the expense of the defendant. Presumably cure to the point of maximum recovery has already been paid by defendant. With respect to compensation benefits at the rate of $54 per week, these payments may be considered along with such items of maintenance, if any, which may have been due to plaintiff as a "member of a crew" in outpatient status. Since maintenance and cure would be due to a "seaman," irrespective of any showing of negligence, it is unlikely that the defendant can be seriously prejudiced by now permitting the Jones Act proceeding to go forward.

Without expressly holding that plaintiff was a "member of a crew," the defendant's motion to dismiss will be denied.

Present order on notice.