George **BOYLES**, Plaintiff,

v.

**HUMBLE OIL & REFINING COMPANY and Williams-McWilliams Industries, Inc., Defendants.**

Civ. A. No. 10460. Division D.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 30, 1962.

Frederick J. Gisevius, Jr., Robert F. Shearman, John G. Discon, George M. Leppert, New Orleans, La., John J. Cummings, III, for George Boyles.

Deutsch, Kerrigan & Stiles, Christopher Tompkins, Joaquin Campoy, New Orleans, La., for Williams-McWilliams Industries, Inc.

Phelps, Dunbar, Marks, Claverie & Sims, J. Barbee Winston, New Orleans, La., for Humble Oil & Refining Co.

AINSWORTH, District Judge.

Complainant has brought this action under the Jones Act (46 U.S.C.A. § 688 et seq.) and the General Maritime Law, alleging that he was injured as the result of negligence and unseaworthiness, on April 13, 1960, while employed as a member of the crew of a vessel operating in navigable waters, about 3 miles from the shores of Grand Isle, Louisiana, in the Gulf of Mexico.

Defendant, Williams-McWilliams Industries, Inc., has filed a motion to dismiss this action as to it for lack of jurisdiction, urging that plaintiff's exclusive remedy against his employer is under the Longshoremen's and Harbor Workers' Compensation Act.[1]

The complaint properly invokes our jurisdiction unless we have been divested of it by the Longshoremen's and Harbor Workers' Compensation Act.

Plaintiff was injured when attempting to board a drilling rig from a barge. The ladder which he was ascending, mounted between the two vessels, became unsecured. He was struck by the ladder and thrown into the water between the two vessels.

On April 25, 1960, an agent of defendant's surety purportedly "assisted" claimant in preparing a formal written claim for a compensation award to be filed with the Deputy Commissioner for the Seventh Compensation District, U. S. Department of Labor. Plaintiff in his reply brief states that his signature to the claim was secured in return for a compensation check; that he thought he was signing an accident report rather than a claim. Thereafter, defendant filed the "claim" with the Deputy Commissioner. Additional checks were issued by the insurance carrier and accepted by plaintiff for a period of approximately 7 months; thereafter, two additional checks were returned by plaintiff's counsel to the insurance company.

On October 13, 1960, plaintiff filed this action.

On November 22, 1960, at a hearing before the Deputy Commissioner plaintiff and his counsel attempted to withdraw the so-called "claim," which was denied by the Commissioner.

Shortly thereafter, at the request of defendant and despite the protest of plaintiff, a hearing was held by the Deputy Commissioner solely on the question of jurisdiction.

On January 31, 1962, the Deputy Commissioner issued his order holding that jurisdiction rested with him under the Act. *No compensation award was made or denied.*

Defendant urges that we lack jurisdiction here because of the finality of the Commissioner's order, the failure of plaintiff to appeal within the 30 days prescribed by the Act, and the consequent termination of his right to appeal.[2] We

---

1. 33 U.S.C.A. § 901 et seq. References herein to the "Act" pertain to this statute.

2. In support of the contention that the order of the Deputy Commissioner finding jurisdiction is final, defendant cites Isbrandtsen Co. v. United States, 93 U.S. App.D.C. 293, 211 F.2d 51 (1953), cert. den. 347 U.S. 990, 74 S.Ct. 852, 98 L. Ed. 1124; Amerada Petroleum Corp. v. Federal Power Com'n., 285 F.2d 737, 10 Cir. (1960); Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 86 L.Ed. 1563 (1942). These cases refer to orders of the Federal Maritime Board, the Federal Power Commission and the Federal Communications

first dispose of this contention. Under the express provisions of the Act (Section 921), a *compensation order* becomes final at the expiration of 30 days thereafter unless proceedings for review are instituted. Section 919(e) of the Act defines a compensation order as "The order rejecting the claim or making the award." The Deputy Commissioner in his order neither rejected the claim nor made an award. He was not called upon to do so. Furthermore, this matter is not here on review of the Deputy Commissioner's holding. This is an original action filed in this court under the Jones Act and the General Maritime Law. The order of the Deputy Commissioner is not final, and no appeal lies therefrom. Consequently plaintiff's failure to apply for a review of the order within 30 days from its issuance is immaterial.

■■ Defendant argues that plaintiff's exclusive remedy against it is under the Longshoremen's and Harbor Workers' Compensation Act and that this court is without jurisdiction. It is true that the liability of an employer under the Act is exclusive and in lieu of all other liability of such employer to the employee,[3] but this is contingent upon the determination that the employee is in fact under the category of workers provided by the Act. The Act specifically excludes a member of a crew of any vessel.[4] The United States Supreme Court held in Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430 (1944), that the right of a member of a crew of a vessel to proceed under the Jones Act and the General Maritime Law is a basic right which should not be withheld from the employee because of the relief afforded by the Longshoremen's and Harbor Workers' Compensation Act, and in Grimes v. Raymond Concrete Pile Company, 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.

2d 737 (1958), that the Defense Bases Act, 42 U.S.C.A. § 1654, which incorporates the remedies of the Longshoremen's and Harbor Workers' Compensation Act, saves the remedy under the Jones Act created for a member of a crew of any vessel. In both of the cited cases the employee had received compensation payments under the Longshoremen's and Harbor Workers' Compensation Act.

Defendant's motion is therefore denied.

Act, respectively, and therefore are not controlling in these proceedings. Defendant also refers to the ruling in Gulling v. Humble Oil & Refining Company, et al. Civil Action 10470, Division "C" of this District, which granted a motion of defendant for dismissal in a factual situation similar to this. Apparently plaintiff failed in the cited case to urge the distinction in the Act between an "order" and a "compensation order."

