**364**

Carroll H. ROBERTSON, Plaintiff,

v.

P. J. DONOVAN, Deputy Commissioner, Compensation District, Bureau of Employees' Compensation, United States Department of Labor, Defendant.

Civ. A. No. 13552, Division D.

United States District Court
E. D. Louisiana,
New Orleans Division.

July 31, 1963.

Smith & Waltzer, Benjamin E. Smith, Bruce C. Waltzer, New Orleans, La., for plaintiff.

Gene S. Palmisano, Asst. U. S. Atty., Eastern Dist. of Louisiana, for defendant.

Lemle & Kelleher, Thomas W. Thorne, Jr., New Orleans, La., for Penrod Drilling Co.

AINSWORTH, District Judge.

Plaintiff seeks a permanent injunction to enjoin the Deputy Commissioner, Bureau of Employees' Compensation, United States Department of Labor, from holding a hearing to determine whether petitioner's employee status entitles him to be

considered for compensation under the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 et seq. Section 1333(c) of the Act provides that compensation for an injured employee shall be payable under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq.

All of the pertinent facts have been stipulated. Plaintiff was injured while working aboard a movable drilling barge owned or operated by his employer, Penrod Drilling Company. We have permitted the intervention of Penrod, which seeks dismissal of the suit. The injury occurred in the Gulf of Mexico off the Louisiana Coast on the Outer Continental Shelf, within the territorial jurisdiction of the United States District Court for the Western District of Louisiana.

Subsequent to his injury, plaintiff received compensation benefits from Penrod, after which he made an informal written claim through his counsel to the Deputy Commissioner for a compensation award. Thereafter, plaintiff through newly employed counsel filed a civil action in this court entitled "Carroll H. Robertson v. Penrod Drilling Company," Civil Action No. 12225, asserting a cause of action as a seaman under the Jones Act and the General Maritime Law. On April 25, 1963, Penrod and its compensation carrier wrote the Deputy Commissioner requesting a formal hearing, which was scheduled for June 28, 1963, but which has been voluntarily postponed by the Deputy Commissioner pending the court's decision in this injunction proceeding. Defendant has refused to permit plaintiff to withdraw his claim and unless enjoined by us will proceed to the requested hearing.

The Deputy Commissioner is charged with the administration of compensation benefits under the Outer Continental

Shelf Act. However, Section 1333(c) (1) thereof excludes a "member of a crew of any vessel" from the coverage of the Longshoremen's and Harbor Workers' Act. The Longshoremen's Act itself contains the same exclusionary language under Section 903(a) (1).

The question here is whether we should enjoin the Deputy Commissioner from going forward with his announced intention of holding a hearing on plaintiff's claim, despite the pendency of plaintiff's Jones Act suit in this court, and in the face of petitioner's request that his informally filed claim for compensation benefits be withdrawn. Plaintiff contends that irreparable harm will be done to him if the Deputy Commissioner proceeds to a trial of the issue of seaman's status vel non before plaintiff can secure a trial of his Jones Act complaint in which the identical question of seaman's status is at issue and will ultimately be decided by a jury.

Defendant Deputy Commissioner contends that when a claim has been filed with him, he not only has a right but a duty to proceed, upon application of any interested party, with a hearing to determine claimant's status under the express provisions of 33 U.S.C.A. § 919(c). In support of his contention he cites the decisions of the Fifth Circuit in Atlantic & Gulf Stevedores, Inc. v. Donovan, 5 Cir., 1960, 279 F.2d 75, which holds that where a written claim as contemplated by 33 U.S.C.A. § 919(c) is filed, it is mandatory that the Deputy Commissioner hold a hearing upon the application of any interested party, and Employers Liability Assurance Corp. v. Donovan, 5 Cir., 1960, 279 F.2d 76, which in dicta reiterates this requirement.[1]

However, in neither of the above-cited cases was the issue of a claimant's right to withdraw his claim before the court

---

1. In Regulations Governing the Administration of the Longshoremen's Act, § 31.7, it is provided that a claimant may apply to the Deputy Commissioner for withdrawal of his claim, stating the reason therefor. Defendant's position is that the Regulations are inapplicable here because of Atlantic & Gulf, supra, and he therefore declines to entertain a withdrawal request. We believe claimant's express desire to withdraw because he has a pending Jones Act suit in this court is sufficient to warrant a voluntary withdrawal of the claim or a stay of proceedings until the court has acted on his suit.

or passed on by it. As we held in Boyles v. Humble Oil & Refining Company, et al., 209 F.Supp. 857 (1962), the right of a member of a crew of a vessel to proceed under the Jones Act and the General Maritime Law is a basic right which should not be withheld from the employee because of the relief afforded by the Longshoremen's and Harbor Workers' Compensation Act. Norton v. Warner Co., 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430 (1944).

The filing of a claim with the Deputy Commissioner should not preclude claimant from withdrawing his claim when he later decides he has erred in choosing his remedy. Wilkes v. Mississippi River Sand & Gravel Co., 6 Cir., 1953, 202 F.2d 383. Furthermore, there is no statutory provision prohibiting a claimant from withdrawing a claim prior to the determination thereof. In the absence of such a prohibition a claimant should be allowed to do so or to have his claim held in abeyance until a determination of his rights has been made in court in which he filed suit for damages as a seaman.

The fact that claimant has accepted benefits under the Longshoremen's Act does not adversely affect his right to institute and proceed with a suit under the Jones Act or General Maritime Law. If plaintiff succeeds in establishing that he was a member of a crew of a vessel and obtaining a verdict in his favor, his employer is not prejudiced by the possibility of double recovery. The amounts previously paid may properly be deducted from the amount awarded in a jury verdict. Gahagan Const. Corporation v. Armao, 1 Cir., 1948, 165 F.2d 301, cert. den. 333 U.S. 876, 68 S.Ct. 905, 92 L.Ed. 1152 (1948).

Penrod further contends that Section 921(b) of the Longshoremen's Act requires that this suit be filed in the United States District Court, Western District of Louisiana, because the accident occurred in the territorial jurisdiction of that court. But the cited section is inapplicable because it refers to filing of injunction proceedings to suspend or set aside a compensation order which is not the situation before us.

Plaintiff has made a showing that irreparable harm will result by allowing the Deputy Commissioner to proceed with a hearing to determine his seaman's status. Review of an order and finding of facts made by the Deputy Commissioner is limited in scope on appeal. If supported by substantial evidence it will not be reversed even though the reviewing court might disagree with his conclusion. Plaintiff is entitled to go forward in the Jones Act proceeding in this court. The Deputy Commissioner should have permitted petitioner to withdraw his claim or withhold further action until final determination of plaintiff's suit in this court.

Judgment will be entered in accordance with this opinion.