**Eddie OLIVER**

v.

**OCEAN DRILLING & EXPLORATION COMPANY.**

Civ. A. No. 9524.

United States District Court
W. D. Louisiana,
Opelousas Division.

Oct. 9, 1963.

Fruge & Foret, J. Burton Foret, Ville Platte, La., and Daniel J. McGee, Mamou, La., for plaintiff.

Lemle & Kelleher, George B. Matthews, New Orleans, La., for defendant.

PUTNAM, District Judge.

Plaintiff alleges that he was a seaman or member of the crew of a submersible drilling barge owned by defendant, Ocean Drilling and Exploration Company, and brings this suit for indemnity under the Jones Act, the maritime law of unseaworthiness and for maintenance and cure as the result of injuries allegedly received by him while the barge, "El Dorado", was in the process of drilling a well off the coast of Louisiana. Defendant admits the employment of plaintiff, but contends that he was nothing other than a "roughneck" or member of the drilling crew on its oil rig.

There is presently before the Court defendant's motion to continue this case on grounds that Oliver had made claim for compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., which is his exclusive remedy. The accident admittedly occurred on the Outer Continental Shelf, and, by 43 U.S.C.A. §

844

1331 et seq., the Longshoremen's Act is made the exclusive remedy for such workmen who are not "a master or member of a crew of any vessel * * *." 43 U.S.C.A. § 1333(c) (1).

■ Defendant cites Atlantic & Gulf Stevedores, Inc. v. Donovan, 279 F.2d 75 (5 Cir., 1960); Employers' Liability Assurance Corp. v. Donovan, 279 F.2d 76 (5 Cir., 1960); Paramino Lumber Company v. Marshall, 95 F.2d 203 (9 Cir., 1938); and London Guarantee and Accident Co. v. Rhoades, 39 F.Supp. 589 (W.D.La.1941) in support of his position. These cases recognize the well-established rule that the administrative processes of the Deputy Commissioner in determining the validity of claims made under the Longshoremen's and Harbor Workers' Act will not be interfered with by the Courts. Defendant's argument is that by proceeding with this trial, such a claim being pending before the Commissioner, the Court will "completely emasculate" this principle of law, consequently Oliver's seaman's suit must be stayed.

Our opinion is that this position is untenable. The cited cases are completely inapposite.

■ In effect, defendant's motion is the recurring one of mutually exclusive remedies, filed so often in these cases. The question of plaintiff's status as a seaman within the meaning of the Jones Act, 46 U.S.C.A. § 688, is for the jury's determination. Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754 (1958); Grimes v. Raymond Concrete Pipe Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737 (1958); Gianfala v. Texas Co., 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775 (1955); Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed. 2d 404 (1951); Offshore Co. v. Robison, 266 F.2d 769, 75 A.L.R.2d 1296 (5 Cir., 1959); Tipton v. Socony Mobil Oil Company, 315 F.2d 660 (5 Cir., 1963). It does not follow, however, that in every Jones Act suit the question must be sub-

mitted to the jury; on the contrary, where there is no reasonable evidentiary basis to support a finding that plaintiff was a seaman, it may be determined by the Court. Rotolo v. Halliburton Co., 317 F.2d 9 (5 Cir., 1963); Usiak v. New York Tank Barge Co., 299 F.2d 808 (2 Cir., 1962).

In the Grimes Case, which involved an interpretation of the Defense Bases Act, 42 U.S.C.A. §§ 1651–1654, which incorporates the remedies of the Longshoremen's and Harbor Workers' Act in language identical to that used for this purpose in the Outer Continental Shelf Lands Act, quoted above, the Supreme Court says:

"We hold, in agreement with the Court of Appeals, that 42 U.S.C. § 1654 saves the remedy under the Jones Act created for a member of a crew of any vessel."

The holding so announced would seem to be controlling here.

To maintain defendant's motion to stay Oliver's suit, we would necessarily hold that having put forward a claim for compensation benefits, plaintiff has deprived himself of the right to jury determination of his seaman's status, and must, perforce await the decision of the Deputy Commissioner under the Longshoremen's Act, 33 U.S.C.A. § 901 et seq.

The question of a conclusive election of remedies has been decided contrary to defendant's position in Mach v. Pennsylvania R. Co., 198 F.Supp. 471 (W.D.Penn. 1960) and Lawrence v. Norfolk Dredging Co., 194 F.Supp. 484 (E.D.Va.1961). We agree, and dismiss defendant's motion for a stay of these proceedings.

Counsel for defendant have requested the Court to certify the question for interlocutory appeal. 28 U.S.C.A. § 1292 (b). We do not feel that such action is warranted here; termination of this litigation would not thereby be accomplished or advanced.