Lee Roy **GUIDRY**

v.

**OCEAN DRILLING AND EXPLORA-
TION COMPANY and the Insurance
Company of North America.**

**No. 9844.**

United States District Court
W. D. Louisiana,
Lafayette Division.

Aug. 25, 1965.

Domengeaux & Wright, Bob F. Wright, Lafayette, La., for plaintiff.

Lemle & Kelleher, Charles E. Lugenbuhl, New Orleans, La., for both defendants.

PUTNAM, District Judge.

Plaintiff brought this suit against his employer and its insurer under the Jones Act (46 U.S.C.A. § 688 et seq.), and the General Maritime Law, for damages for personal injuries alleged to be the result of his employer's negligence and unseaworthiness of the vessel on which he was employed. Coupled therewith is a claim for maintenance and cure. Defendants answered, alleging as a defense that plaintiff is barred from bringing this suit since he had received an award of compensation under the Longshoremen's and Harbor Workers' Com-

pensation Act (33 U.S.C.A. § 901 et seq.), based upon this same accident and that this was his exclusive remedy.

Now before us, on application for new trial filed by complainant, is defendants' motion to dismiss and/or for summary judgment on the ground that the award of the Deputy Commissioner is final, as no appeal was taken therefrom within thirty days as provided in 33 U.S.C.A. § 921, and hence it cannot now be attacked collaterally.

When defendants' motion was originally heard it was granted by a ruling from the bench, the Court relying on the case of Hagens v. United Fruit Company, 135 F.2d 842 (2 Cir. 1943). However, since then, our attention has been called to certain other cases which pertain to this subject, among which are Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598 (1932); Mike Hooks, Inc. v. Pena, 313 F.2d 696, (5 Cir. 1963); Bretsky v. Lehigh Valley R. R. Co., 156 F.2d 594 (2 Cir. 1946); Hoffman v. New York, N. H. & H. R. Co., 74 F.2d 227 (2 Cir. 1934), cert. den., 1935, 294 U.S. 715, 55 S.Ct. 513, 79 L.Ed. 1248; and Smith v. Service Contracting Co., 236 F. Supp. 492 (E.D.La.1964).

■ In light of these authorities we hold that in circumstances such as we find here where the Deputy Commissioner's finding and award do not disclose any facts upon which his jurisdiction existed, the rule should be and is that complainant's right to determine his status as a seaman under the Jones Act, 46 U.S.C.A. § 688, is not prejudiced thereby, and these questions are not subject to a plea of res adjudicata under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(a). Cf. Oliver v. Ocean Drilling & Exploration Co., 222 F.Supp. 843 (W.D. La.1963), and cases cited therein, and Reed v. Steamship Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963), regarding exclusiveness of the remedy afforded by the Act.

■ If the Deputy Commissioner makes a finding of facts supporting ju-

risdiction under the terms of the Act, as provided in 33 U.S.C.A. § 919(c), and concludes that the claimant is not "a master or member of the crew of any vessel" (33 U.S.C.A. § 903(a) (1)), or, in this case, had he found that Guidry was not a member of the crew of the submersible drilling barge owned by his employer, then we are of the opinion that the rule of Hagens, supra, would apply and the matter would be foreclosed by the compensation order after the lapse of thirty days. See 49 C.J.S. Judgments § 426c, p. 848, and § 427, p. 850.

■ Accordingly, in keeping with the views expressed herein, libelant's motion for a new trial is granted, the Court's decree of October 28, 1964 granting defendants' motion for summary judgment and dismissing libelant's suit is hereby recalled and set aside, and defendant's motion to dismiss the complaint and/or for summary judgment filed August 24, 1964 is hereby denied.

It is so ordered.