**Grafton NIX, Jr., Petitioner,**

v.

**William M. O'KEEFFE, Deputy Commissioner, C. M. Moore, Claims Examiner, Pensacola Stevedoring Company, Inc., a Florida Corporation, and Consolidated Underwriters, an insurance corporation, Respondents.**

**Civ. A. No. 1666.**

United States District Court
N. D. Florida,
Pensacola Division.

July 7, 1966.

Paul Shimek, Jr., Pensacola, Fla., for petitioner.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for O'Keeffe & Moore.

James E. Hertz of Fisher & Hepner, Pensacola, Fla., for Pensacola Stevedoring and Consolidated Underwriters.

## ORDER

CARSWELL, Chief Judge.

This matter was called on for hearing pursuant to notice on rule to show cause why the Deputy Commissioner of the Bureau of Employees' Compensation, Department of Labor, should not be required to give plaintiff here a hearing on a claim filed before the Deputy Commissioner. Also, before the Court is a motion to dismiss filed by the United States on behalf of the Deputy Commissioner and other named defendants.

The original claim here begins by asking for relief under Title 33, United States Code, Section 921, which, in effect, provides for judicial review of orders entered by the Deputy Commissioner following a hearing on claims presented to him. The Deputy Commissioner moves to dismiss the complaint here and it affirmatively appears from the face of the complaint itself that no order of any kind has been entered by the Deputy Commissioner. The Court agrees that the motion to dismiss this portion of the complaint is well taken for there is nothing for the Court to review.

Indeed, the real merit of the complaint here is not that an erroneous order has been entered but simply that no order of any kind has been entered, and—more importantly—no hearing has been held upon which any order could be entered.

From the evidence adduced, over the objection of the Government, it affirmatively appears, and the Court so finds, that a claim by plaintiff before the Deputy Commissioner was filed July 1964 for benefits under the Longshoremen's Act. In January 1965 a request by letter from counsel for a hearing was made with the Deputy Commissioner. The Court notes that the precise form of the claim, by letter or by the prescribed BEC Labor Department form is totally irrelevant. See Atlantic & Gulf Stevedores, Inc. v. Donovan, 279 F.2d 75 (5th Cir., 1960). As stated in Atlantic & Gulf Stevedores, Inc. v. Donovan, 5th Cir., 274 F.2d 794, at page 798,

> "All that is now involved is the power of the District Court to issue a mandatory decree compelling the Deputy Commissioner to proceed with the hearing—a hearing in which the Deputy Commissioner would arrive at his own decision, and which, under the Longshoremen's Act, 33 U.S.C.A. § 921, would then, and only then, be subject to judicial review. This is a command to hear and adjudicate. Not a command to tell him *how* it is to be decided."

It seems clear to the Court from the following provisions of Section 919, sub-paragraph (c), of the Longshoremen's Act that the Deputy Commissioner has an affirmative duty to act within a reasonable time after he has a claim filed before him,

> "The deputy commissioner shall make or cause to be made such investigations as he considers necessary in respect to the claim, and upon application of any interested party *shall* order a hearing thereon." [Emphasis added.]

While it may well be that there are some circumstances which would toll the time during which the Deputy Commissioner must act to hold a hearing upon the bare filing of a claim such as the failure of a claimant to comply with procedural rules reasonably designed to expedite and clarify the hearing itself, there is no suggestion on this record that there has been any failure to cooperate on the part of the plaintiff. It is suggested that still pending settlement negotiations with an insurance carrier caused the Deputy Commissioner to defer a hearing for many months. In no case should settlement negotiations relieve the Deputy Commissioner of his clear statutory duty to hold a hearing within a reasonable time after a claim is filed. A delay of some 2 years after a claim was filed and 18 months after request for hearing is so unreasonable as to be a denial of plaintiff's right to a forum provided him by law.

It is, therefore, upon consideration, hereby

Ordered:

1. The motion of the United States to dismiss, treated as a motion to strike, is granted only insofar as the complaint seeks relief under 33 U.S.C. § 921, there being no order for review.

2. The prayer of the complaint requiring the Deputy Commissioner of the Bureau of Employees' Compensation, Department of Labor, to hold a hearing on this plaintiff's claim filed before the Deputy Commissioner in July 1964 and upon which hearing was requested in January 1965 be and it is hereby granted, and the said Deputy Commissioner shall on or before August 10, 1966 hold hearing in accordance with the provisions of 33 U.S.C. § 919(c) on subject claim. Upon failure of the Deputy Commissioner to comply with the provisions of this order within the time proscribed he shall thereupon show cause why he should not be held in contempt of Court.

3. Motion of the United States to dismiss this cause of action with respect to Claims Examiner C. M. Moore, Pensacola Stevedoring Company, Inc., and Consolidated Underwriters, be and it is hereby granted.