Roy Otis **KRIDLER**

v.

**BITUMINOUS CASUALTY CORPORA-TION**, Travelers Insurance Company and Aetna Casualty & Surety Company.

Civ. A. No. 12250.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 12, 1966.

John Patrick Keegan, New Orleans, La., for plaintiff.

John J. Weigel, John V. Baus, Ignatz Kiefer, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for Travelers Ins. Co.

Henry B. Alsobrook, Jr., Timothy G. Schafer, Adams & Reese, New Orleans, La., for Bituminous Cas. Corp. and Aetna Cas. & Surety Co.

WEST, District Judge.

The plaintiff was injured on May 21, 1961, while in the employ of B & T Construction Company, Inc., when he was struck by a tree during a clearing operation. The area in question was being cleared for Union Texas Natural Gas Corporation, who had contracted the clearing job to B & T Construction Company, Inc. B & T Construction Company in turn sub-contracted part of the clearing work to Cortez Construction Company, Inc. It was one of Cortez's employees who was operating the tractor that pushed the felled tree into plaintiff, allegedly causing his injuries. Bituminous Casualty Corporation is the workmen's compensation insurer of plaintiff's employer, B & T Construction Company, Inc., and Aetna Casualty and Surety Company is the workmen's compensation insurer of Union Texas Natural Gas Corporation. Travelers Insurance Company is the liability insurer of Cortez Constrution Company, Inc. Plaintiff sued Travelers Insurance Company in tort, and Bituminous Casualty Corporation and Aetna Casualty & Surety Company in workmen's compensation. The suit was filed on May 18, 1962, directly against the insurers pursuant to the Louisiana Direct Action Statute. The claim against Travelers was tried to a jury and at the close of plaintiff's case, the Court

**300**

directed a verdict in favor of Travelers, dismissing plaintiff's suit as to them. The claim against Bituminous Casualty Corporation and Aetna for workmen's compensation benefits was then tried to the Court without a jury and it is that claim which the Court now considers.

After considering all of the evidence in this case, it is the opinion of this Court that plaintiff has failed to prove by a preponderance of the evidence that he is entitled to any further benefits under the workmen's compensation laws of the State of Louisiana. The accident forming the basis of this suit occurred on May 21, 1961. This accident resulted in an injury to plaintiff's knee. He was seen on that date at the St. Claude General Hospital in New Orleans, Louisiana, by Dr. Leo Hammond Newman, an orthopedic surgeon who diagnosed his injury as a "closed comminuted fracture proximal metaphysis and lateral plateau of the left tibia." He was treated by Dr. Newman until June 13, 1961. According to the testimony of Dr. Newman, the plaintiff did not have a torn meniscus as a result of this accident, and he needed no further treatment after June 13, 1961. On September 5, 1962, plaintiff was examined by Dr. Irvin Cahen, who testified that at that time he was of the opinion that plaintiff had an injury involving the collateral ligament of the knee, as well as the cruciate ligament of the knee, and that he had damage to the meniscus of the left knee. At that time he gave the plaintiff a "30–35 per cent disability of the knee and leg." This examination was conducted a year and four months following the accident herein sued upon. Dr. Cahen apparently saw the plaintiff only on this one occasion.

Between the time of the accident herein sued upon, and the time of the examination by Dr. Cahen on September 5, 1962, plaintiff was involved in another accident when he was struck by a dragline while in the employ of Brown & Root, Inc. In this accident he was injured in the area of the pelvis, resulting in a fractured pelvic bone. Dr. Cahen testified that such an accident could also have injured plaintiff's knee if his body had been twisted a certain way by the impact of the dragline. Prior to this second accident, and at the time he was treated for the injuries arising out of the first accident, Dr. Newman found no evidence of a torn meniscus, and at the time of his discharge by Dr. Newman, he found no residual disability. Following the second accident, and at the time of the examination by Dr. Cahen on September 5, 1962, it was that doctor's opinion that there was evidence of a torn meniscus.

Following the accident of May 21, 1961, and before the second accident in which plaintiff was involved, plaintiff went to work for Brown & Root, Inc. At the time of his employment with Brown & Root he represented to them that he had never been involved in an industrial accident, and that he had never drawn any workmen's compensation benefits. He was given a pre-employment physical examination and there was no evidence of any physical disability at that time. It was after he was employed by Brown & Root that he was again injured on the job, causing a facture of the pelvic bone, and it was after this accident that the first evidence of a torn meniscus was noted. It follows quite clearly from this evidence that plaintiff has not shown by any preponderance of the evidence that his present complaints result from the injury growing out of the accident of May 21, 1961.

In addition to this finding, the evidence also shows that plaintiff is now doing the same kind of work that he has always done, apparently with little or no difficulty, and he is earning as much or more now than he was prior to the accident of May 21, 1961.

It is the opinion of this Court that plaintiff has failed to prove by a preponderance of the evidence that he is in any way disabled as a result of an accident occurring on or about May 21, 1961, while in the course and scope of his

employment with B & T Construction Company, Inc., and for this reason, plaintiff's suit will be dismissed, at his cost, and judgment will be entered accordingly.