**Roy Otis KRIDLER, Appellant,**

v.

**HIGHLANDS INSURANCE COMPANY, Appellee.**

**No. 21737.**

United States Court of Appeals Fifth Circuit.

Feb. 15, 1967.

Rehearing Denied March 13, 1967.

John Patrick Keegan, New Orleans, La., for appellant.

William K. Christovich, A. R. Christovich, Christovich & Kearney, New Orleans, La., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

The appellant complains of the judgment of the United States District Court for the Eastern District of Louisiana entered on April 2, 1964, denying his claim for workmen's compensation and rendering judgment in favor of appellee, insurer of Brown & Root, Inc., the appellant's employer at the time he sustained injuries to his pelvis on October 18, 1961.[1] We affirm.

---

1. Although not involved on this appeal the record discloses that appellant received an injury to his leg in an accident on May 21, 1961, while in the employ of B & T Construction Company. Upon the trial of the instant case appellant disclaimed any connection between that earlier injury and the one here involved. Appellant's claim with respect to the leg injury was tried by another Judge of the Eastern District and judgment was rendered against him on September 12, 1966. 258 F.Supp. 299. In its opinion denying recovery to the appellant with respect to the earlier injury, the court observed that the appellant had represented to Brown & Root that he had not been involved in an industrial accident; that he was given a pre-employment physical examination and that such examination revealed no

There was a full hearing before the district judge and the evidence with respect to the appellant's injuries was completely developed. The treating physician stated that when he discharged Kridler on January 30, 1962, he had completely recovered from the effects of the injury to his pelvis; that the x-rays showed a good union of the fracture involved; that the plaintiff made no complaint of pain or difficulty and that if such a complaint had been made, " * * obviously I would not have discharged him. I would have kept him coming back for physiotherapy." Thereafter, the appellant was examined by an orthopedic specialist who testified that there was no disability or impairment resulting from the pelvic injury. Although there were no formal findings by the trial court as such, at the conclusion of the evidence the court stated orally:

"Here is a man who since the x-rays has had a complete recovery. The x-rays disclose nothing to indicate that he had soft tissue damage; he had a rapid recovery. He had a fracture on October 18th and on January 30th he was discharged fit for duty. He walked without a limp; complained of nothing which would indicate to the doctor that he should not have been discharged and x-rays showed that he had a complete and satisfactory union of the fracture."

■ The appellant does not complain of the failure of the district court to make formal findings of fact in conformity with Rule 52(a), and no exception has been taken to the form in which the findings were made. In our view the court clearly understood the issues, gave proper consideration to them and the court's conclusions were set forth in sufficient and adequate form in the record to fully inform the parties of the court's findings and conclusions. Compania Anonima Venezolano de Navegacion v. Matthews, et al., (5 Cir. 1967) 371 F.2d 971;

evidence of physical disability at that time. The court further found that at the time of its decision appellant was doing the same kind of work he had al-

United States v. Jacobs (5 Cir. 1962) 308 F.2d 906.

■ A careful review of the record convinces us that the evidence supports the conclusion and judgment of the trial court holding that the appellant experienced a complete and satisfactory recovery and was not entitled to workmen's compensation. The judgment is affirmed. McCray v. Yarbrough (Ct.App.La. 1944) 20 So.2d 447; Roberts v. M. S. Carroll Company (Ct.App.La.1953) 68 So.2d 689.

Affirmed.

ways done, apparently without difficulty, and that he was earning as much or more than he was prior to the accident of May 21, 1961.