UNITED STATES of America, Appellant,

v.

Estelle PENDERGRAST, Appellee.

UNITED STATES of America, Appellant,

v.

James BURTON, Jr., Appellee.

UNITED STATES of America, Appellant,

v.

Mary BURTON, Appellee.

UNITED STATES of America, Appellant,

v.

Willie GIBBS, as Administrator of the Estate of Elex Gibbs, deceased, Appellee.

UNITED STATES of America, Appellant,

v.

Willie GIBBS, as Administrator of the Estate of Inez Gibbs, deceased, Appellee.

UNITED STATES of America, Appellant,

v.

Isiah THOMPSON, Appellee.

UNITED STATES of America, Appellant,

v.

Azailie THOMPSON, Appellee.

Nos. 7340, 7344, 7345, 7336–7339.

United States Court of Appeals Fourth Circuit.

Argued Jan. 21, 1957.

Decided Feb. 20, 1957.

Arthur G. Howe, Asst. U. S. Atty., Charleston, S. C. (N. Welch Morrisette, Jr., U. S. Atty., Columbia, S. C., on brief), for appellant.

Ben Scott Whaley, Hugo M. Spitz, Charleston, S. C., Herman I. Mazursky, Barnwell, S. C., and Irving Levkoff, Charleston, S. C. (Steinberg, Levkoff & Spitz, Charleston, S. C., Brown, Jefferies & Mazursky, Barnwell, S. C., Nathaniel L. Barnwell and Norman W. Stevenson, Charleston, S. C., on brief), for appellees.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and GILLIAM, District Judge.

PER CURIAM.

These are appeals from judgments in favor of plaintiffs in actions under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680 brought to recover damages sustained when a government aeroplane crashed into a residence, killing two persons, seriously injuring a number of others, and destroying the residence and various articles of personal property by fire. No question is raised on any of the appeals as to the liability of the United States under the statute, summary judgment on the question of liability having been entered for plaintiffs in the court below on the authority of United States v. Praylou, 4 Cir., 208 F.2d 291, certiorari denied 347 U.S. 934, 74 S.Ct. 628, 98 L.Ed. 1085. The trial was confined to the issues of damages and the trial judge found separately as to each plaintiff the amount of damages that he had sustained and entered separate judgments therefor. The

government in each case moved for a new trial on the ground that the award of damages was excessive, but did not in any case ask the District Judge for a more specific finding of facts. The only question presented by the appeals is whether the general finding of damages as to each plaintiff is sufficient to sustain the judgments or whether the judgments should be vacated and the cases remanded for more specific findings.

Under the circumstances of the case, we do not think that anything would be accomplished by more specific findings or that we would be better enabled thereby to review the awards of damages. The principal questions involved, such as what should be awarded for pain and suffering and what for loss of life, were questions addressed to the informed judgment of the District Judge as trier of the facts; and we would be in no better position to review his decisions by having him point out the elements that entered into his judgment. The same is true as to the value of the property destroyed. In the case where the damage of one of the plaintiffs consisted of the destruction of a house and personal injuries, it would have been better if the trial judge had found the damage from personal injury and property damage separately; but we are satisfied that his failure to do so did not affect the amount of the award and that nothing would be accomplished by vacating the judgment and having him find them separately. Any error in this respect should properly be considered as waived by failure of the government to ask for more specific findings at the time new trial was asked on the ground of excessiveness of the award. At all events it was harmless and was not a matter which would justify the court in setting aside the judgment and sending the case back. United States v. Grigalauskas, 1 Cir., 195 F.2d 494, 498; Ginsberg v. Royal Ins. Co., 5 Cir., 179 F.2d 152; Hurwitz v. Hurwitz, 78 U.S. App.D.C. 70, 136 F.2d 796, 799. As said in the case last cited:

"The duty of the trial court to make findings of fact should be strictly followed. But such findings are not a jurisdictional requirement of appeal which this court may not waive. Their purpose is to aid appellate courts in reviewing the decision below. In cases where the record is so clear that the court does not need the aid of findings it may waive such a defect on the ground that the error is not substantial in the particular case. That is the situation here."

There can be no question, we think, as to our power to review excessive awards of damages under the Federal Tort Claims Act, if convinced that they are clearly erroneous. See United States v. Guyer, 4 Cir., 218 F.2d 266, reversed in part Snyder v. United States, 350 U.S. 906, 76 S.Ct. 191, 100 L.Ed. 796. We think, however, that upon the records here presented we can exercise the power of review just as well as if more specific findings had been made. The case is entirely different from that presented in Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L. Ed. 1065, where a lump sum award was made as to damages sustained by thirty different claimants without attempt to assess the damages sustained by each separately. While the awards in some of the cases impress us as rather liberal, we cannot say that they are so excessive as to be clearly erroneous and we are certain that we would be in no better position to exercise the power of review if specific findings had been made apportioning the amount awarded to various elements considered by the judge in placing a money value on matters which were not only unliquidated but also intangible and peculiarly matters calling for the exercise of judgment by the trier of the facts in the light of his wide knowledge and experience.

Affirmed.