**Carrol P. DWYER, Libelant-Appellant,**

v.

**SOCONY–VACUUM OIL COMPANY, Inc., Respondent-Appellee**

No. 286, Docket 26037.

United States Court of Appeals
Second Circuit.

Argued April 1, 1960.

Decided April 1, 1960.

Francis X. Nestor, New York City, for libelant-appellant.

Herbert C. Smyth, New York City, for respondent-appellee.

Before LUMBARD, Chief Judge, BARNES, Circuit Judge* and SMITH, District Judge.*

PER CURIAM.

We affirm in open court the decree of February 17, 1954 of the District Court for the Southern District of New York awarding the libelant $5,000 for damages sustained when he was overcome by gas fumes and fell to the deck of the storage tank on respondent's S. S. Sachem in October, 1950. While the evidence of the slight permanent disability of Dwyer's left heel would have supported a larger award by Judge Murphy, especially as he was only 28 years old at the time of the accident, we cannot say that the award was so low as to be monstrous or clearly erroneous.

Here there is no complaint regarding the admission of evidence or the conduct of the trial; the only complaint is in the amount of damages awarded by the court. In cases such as this appellate courts should be very loath to disturb the considered judgment of court or jury by granting a new trial on the issue of damages cf. Maher v. Isthmian Steamship Company, 2 Cir., 1958, 253 F.2d 414; Frasca v. Howell, 1950, 87 U.S.App.D.C. 52, 182 F.2d 703. When we add to this reluctance the fact that six years have elapsed between the filing of the notice of the appeal and the argument of the appeal, there would seem to be every reason to leave matters as the district court found them.

At the same time we should point out that the trial court's award of $5,000 damages without any specification of what the damages were for and how they were computed is not advisable in admiralty cases any more than in civil suits governed by Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Had the circumstances indicated more doubt as to the propriety of the total amount awarded, we would remand for proper findings, Alexander v. Nash-Kelvinator Corp., 2 Cir., 1958, 261 F.2d 187, 191.

* Sitting by designation.