UNITED STATES of America,
Appellant,

v.

George B. JACOBS, Appellee.

No. 19309.

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1962.

Edward A. Groobert, Morton Hollander, Attys., Dept. of Justice, Washington, D. C., Donald C. Lehman, Asst. U. S. Atty., Jacksonville, Fla., William H. Orrick, Jr., Asst. Atty. Gen., Edward F. Boardman, U. S. Atty., for appellant.

Jack F. Wayman, Claude Smith, Jr., E. P. Mulcahy, Jacksonville, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and ESTES, District Judge.

JONES, Circuit Judge.

The appellee, George B. Jacobs, was driving his car and towing a boat on a trailer. He was stopped at an intersection by a red traffic light. A mail truck owned by the United States and operated by an employee of the Post Office Department was driven into the boat and Jacobs was injured. He sued the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), and recovered judgment on March 23, 1961, for $23,600 and costs, "and together with interest thereon from the date of this judgment at 4% per annum." In the Judicial Code it is provided that:

"Except as otherwise provided in subsection (a) of this section, on all

final judgments rendered against the United States in actions instituted under section 1346 of this title, interest shall be computed at the rate of 4 per centum per annum from the date of the judgment up to, but not exceeding, thirty days after the date of approval of any appropriation Act providing for payment of the judgment." 28 U.S.C.A. § 2411(b).

In 1956 a continuing appropriation statute was enacted to pay tort claim judgments not exceeding $100,000, and included in the statute is the following:

"[W]henever a judgment of a district court to which the provisions of subsection 2411(b) of title 28, United States Code apply, is payable from this appropriation, interest shall be paid thereon only when such judgment becomes final after review on appeal or petition by the United States, and then only from the date of the filing of the transcript thereof in the General Accounting Office to the date of the mandate of affirmance." 31 U.S.C.A. § 724a.

The Government having appealed, interest could properly be made payable only from the date of the filing of the transcript of the judgment in the General Accounting Office to the date of the mandate of affirmance. The judgment must be modified to conform to the statutes. Washington and Georgetown Railroad Co. v. Harmon, 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284.

■ The findings of fact were stated orally at the trial.[1] No exception has been taken to the form in which the findings were made. These findings, the Government contends, violate Rule 52(a) Fed.Rules Civ.Proc. 28 U.S.C.A. in that no special findings were made with regard to Jacobs' other physical conditions and their effect on his pain, suffering, impairment of earning capacity and need for future medical care. We think the findings are ample to provide a basis for the decision. Kelley v. Everglades Drainage District, 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485, 1486; Weber v. McKee, 5th Cir. 1954, 215 F.2d 447. This being so, we see no error.

■ It is urged by the Government that the court's finding that Jacobs' ability to earn was impaired is clearly erroneous because it appeared that, on a different job, his earnings were more than at the time of the injury. Under the Florida law, here controlling, the purpose of the award of damages is to compensate for the loss of earning capac-

---

1. There's always, not just in this case and not just in cases where there's a claim of low back injury, but there's always the—common to all cases is the need to weigh and evaluate testimony. That's what a trier of the facts has to do all the time. I mean, it isn't anything peculiar to low back cases. * * *

I must find on the evidence before me that this man had a pre-existing physical defect, congenital defect, in the formation of his lower back and he had some degenerative arthritic defects present, the spurring of the cervical spine and some deposits or spurring in the lower spine, in the lumbar spine.

I find also, that this condition was causing no discomfort as of that time, was causing no disability as of that time, and that the condition was aggravated by injuries received at the time of this collision and that he continues to suffer from that aggravation by his injuries and that he is permanently partially disabled by the aggravation to the pre-existing injuries.

In fixing damages, my addition of the elements of special damages—you may have made a calculation as they came in, as the bills came in—I total them to $4,259.15.

Now, if you've got these things down, we can add them up. Let me see: $23,541.58. That's rounded off to $23,600.00 * * *.

Round that off to 23,600 and prepare judgment for that amount and award attorneys' fees out of, but not in addition to, that amount, in the amount of 20% of that, whatever that would be. It would be around $4,000.00; forty-six or seven hundred dollars * * *.

The statement I have just made and the statement I made at the close of the argument on liability, the Reporter is directed to copy and put in the file as findings in lieu of filing a written opinion or written findings.

**908**

ity as distinguished from actual loss of earnings. Smith v. Tantlinger, Fla.App., 102 So.2d 840; Renuart Lumber Yards v. Levine, Fla., 49 So.2d 97; Postal Telegraph & Cable Co. v. Doyle, 123 Fla. 695, 167 So. 358, aff. 128 Fla. 707, 175 So. 515. Applying this rule the specification of error is without merit.

In lieu of the provision of the judgment that it shall bear interest from the date of the judgment at 4% per annum, the judgment is hereby modified so as to provide that it shall bear interest for such period of time and at such rate as shall be permitted by law, and as so modified the judgment is

Affirmed.