**MARINE DRILLING COMPANY, Inc., and the Fidelity and Casualty Company of New York, Appellants,**

v.

**Richard J. AUTIN, Appellee.**

**No. 21908.**

United States Court of Appeals
Fifth Circuit.

July 25, 1966.

A. R. Christovich, Jr., New Orleans, La., for appellants.

Russell J. Schonekas, New Orleans, La., for appellee.

Before JONES and WISDOM, Circuit Judges, and BREWSTER, District Judge.

WISDOM, Circuit Judge:

This is still another case under the Jones Act turning on an oil field worker's status as a seaman on a marine drilling barge. The twist in this case is the appellant's contention that the district judge's charge to the jury amounted to directing a verdict for the plaintiff. We hold that that charge was not in the nature of a directed verdict. We consider, however, that the state of the law applicable to maritime oil workers has developed to the point where it is proper in the appropriate case for the district judge to direct a verdict on the status

of an offshore worker as a Jones Act seaman. Producers Drilling Company and Liberty Mutual Insurance Company v. Gray, 5 Cir. 1966, 361 F.2d 432.

Richard Autin worked with an oil field crew on a submersible drilling barge. His duties, among others, were to serve as a motorman on the barge, to assist in the moving of the vessel as the work progressed, and generally to maintain it; to help secure the vessel during the moving and mooring, to ride the barge from one location to another, and to open and close the seacocks in order to sink or raise the vessel as required; to assist in keeping the barge navigable for its continued operation. Autin worked and lived aboard ten days at a time and was off duty five days. While he was working on the rig floor during drilling operations, an adapter to the Kelly bushing, which had not been welded in place, worked itself loose and fell on his head. At the time, the barge was stabilized in navigable water.

The complaint alleges that Autin was a seaman, and a member of the crew of a vessel; that the vessel was unseaworthy; that the defendant was negligent. The jury returned a verdict on special interrogatories, and awarded the plaintiff $70,000. The defendant moved for the judgment n. o. v. new trial, and remittitur. The district court denied the motions. The defendant appeals.

The district court did not expressly instruct the jury that Autin was a seaman and the drilling barge a vessel. On the contrary, he stated:

" * * * That [whether or not the rig was a vessel] is a question for the jury to decide. It is within the purview of the jury to decide whether or not we are dealing with a vessel and whether or not we are dealing with a seaman. * * * The question of whether or not it is a vessel is solely for your determination. * * * At the outset you must decide first whether or not the barge, Marine Drilling Barge No. 4, on which the plaintiff Autin was employed at the time of the accident, was a vessel under the law; and, secondly, if you find that it was a vessel, you must then decide whether or not plaintiff, Mr. Autin, was at the time working as a member of the crew aboard this vessel, * * * "

■ As counsel for the appellee correctly states, a district judge is "faced with a difficult task" in these cases involving maritime oil workers. He must disabuse the jurors of the notion that a seaman is necessarily a "man with a tatoo, who walks with a rolling gait, wears bell-bottom trousers and handles, reefs and steers the vessel; and that a vessel is a more or less elongated structure with a V shaped bottom and a pointed prow that streams through the water under its own power carrying its own crew and cargo. Still in disabusing the jury of this traditional concept of the seaman and the vessel he could not tell them in so many words that the plaintiff in this case was a seaman and that the submersible rig was a vessel." We consider that the district judge correctly instructed the jury consistently with decisions of the Supreme Court and this Court.[1] See Senko v. LaCrosse

---

[1]. The Court charged, in part: "Now just what is a vessel in contemplation of law for the purpose of personal injury suit? The defendant, of course, denies that this submersible drilling rig or barge upon which Autin was employed was a vessel. The plaintiff contends that the 'submersible drilling rig was a vessel. Under the Jones Act, a vessel means something more than a means of transportation on water. It can be a special purpose structure such as a submersible drilling rig. The fact that navigation or water transportation is not the principal use for which the structure is put, does not mean that it cannot be a vessel for the purposes of the Jones Act.

"The fact that it was moored to the dock or sunk to the bottom, in order to perform its function as a drilling rig, does not of itself preclude it from being a vessel under the law, as long as it is buoyant and capable of being floated in navigable waters from one location to another, it may be determined to be a vessel and members of her crew would be covered in that instance by the Jones Act. That is a question for the jury to decide.

Dredging Corp., 1957, 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 504; see South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Gianfala v. Texas Co., 1955, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775; Offshore Co. v. Robison, 5 Cir. 1959, 266 F.2d 769, 75 A.L.R.2d 1296; Adams v.

It is within the purview of the jury to decide whether or not we are dealing with a vessel and whether or not we are dealing with a seaman.

"Under the provisions of Title 46 of the United States Code, Section 713 says that a vessel is understood to (393) comprehend every description of vessel navigating on any sea or channel, lake or river. * * *

"It includes all water craft of whatever description which are used or capable of being used or are intended to be used as a means of transportation on navigable waters. The fact that it is not self-propelled does not mean that it is not or cannot be a vessel. The question of whether or not it is a vessel is solely for your determination.

"You have heard evidence to the effect that it was located only a few feet from shore. That of itself does not mean that it is not a vessel. A vessel may be in dry-dock for repairs, but it is nonetheless a vessel.

"No one of these provisions by itself is determinative of the question of whether or not you are dealing with a vessel. You must look to the over-all picture of the structure, what it is, and the fact that it was on navigable waters, what it was used for, and the fact that it is buoyant and that it can be moved from one place to another. All of those factors must be considered (394) by you in determining whether or not this was, in law, a vessel.

"Furthermore, it is not determinative of the question that the plaintiff was only aboard this structure for a limited period of time, or that he might have been aboard the structure for a long time. It is not determinative of the question the fact that the plaintiff might have slept aboard or eaten aboard on occasions, or that he never did. All of these are merely factors that you must consider in the overall picture of determining whether or not this structure was in law a vessel.

"Unfortunately, all I can give you are these guidelines to go by in determining the question of what is a vessel. The law does not define it with any degree of certainty, and you must use these guidelines from which to conclude whether or not you are dealing with a vessel.

"If you find that this craft was a vessel, then the next question that you must decide is whether or not Richard Autin was, at the time of the accident, a seaman or a member of the crew of that vessel. Under the law, it is for the jury to decide whether or not a claimant was a seaman at the time of the injury. There is nothing in the law to indicate that the Jones Act applies only to conventional members of a ship's company. There is nothing in the law, in the Jones Act, to indicate in any (395) way that the seaman can only be a conventional member of a ship's crew in the ordinary sense.

"The absence of any legislative restriction has enabled the law to develop naturally along with the development of unconventional vessels, such as strange looking specie of water craft designed for oil operations off-shore and for the shallow coastal waters. The Jones Act seamen on unconventional types of vessels share the same maritime risks and many times the so-called Jones Act seamen are exposed to more hazards than ordinary blue-water sailors. They run all the risks incidental to the oil drilling and other such related occupations. For instance, it has been held that musicians can be members of a ship's crew; that cooks are members of a ship's crew, even though in the ordinary sense of the word, they may not be sailors.

You may find that the plaintiff was a seaman and a member of a crew if you find that he was more or less permanently attached to the vessel, if you find it to be a vessel and if you find that he contributed substantially to the mission of the vessel. He does not have to live aboard to be a seaman. The important question is whether or not he did seaman's work and whether or not he contributed substantially to the mission of the vessel. In other words, you may find the plaintiff to (396) be a seaman if there is sufficient evidence to establish the fact that he was more or less permanently attached to a vessel, including a special purpose structure, not usually employed as a means of transportation by water, but which can be floated on water, or that he performed a substantial part of his work aboard such a vessel and, secondly, if the capacity in which he was employed or the duties which he performed contributed to the function of the vessel or to the accomplishment of its mission or operation or the welfare of the vessel in terms or maintenance during movement or during anchorage for other trips."

Kelly Drilling Co., 5 Cir. 1960, 273 F.2d 887, cert. denied, 364 U.S. 845, 81 S.Ct. 86, 5 L.Ed.2d 68; Thibodeaux v. J. Ray McDermott & Co., 5 Cir., 1960, 276 F.2d 42, 46; Stanley v. Guy Scroggins Constr. Co., 5 Cir. 1961, 297 F.2d 374, 378; Rotolo v. Halliburton Co., 5 Cir. 1963, 317 F.2d 9, 12, cert. denied, 375 U.S. 852, 84 S.Ct. 111, 11 L.Ed.2d 79.

The recent case of Producers Drilling Company and Liberty Mutual Insurance v. Gray, 5 Cir. 1966, 361 F.2d 432, involved the issues of the status of a submersible drilling barge as a vessel and the status of a member of the drilling crew as a seaman. The district court directed a verdict on these issues. Judge Thornberry, for the court, carefully and completely reviewed decisions in this area of the law. The court held that, "in light of the present state of the law and the facts of this case, the district court properly directed a verdict for the plaintiff on the issues of status."

We have considered the appellant's other contentions. We find them without merit.

The judgment is affirmed.