Richard Lee **CHENEVERT**, Plaintiff,

v.

**CLINCH DRILLING CO. et al.,**
Defendant.

Civ. A. No. 15208.

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 3, 1967.

Wilson M. Montero, Jr., J. Stuart Douglass, New Orleans, La., for plaintiff.

Donald L. King, New Orleans, La., for Centerville Petroleum, Inc. and Liberty Mut. Ins. Co.

RUBIN, District Judge:

## MOTION FOR SUMMARY JUDGMENT

Having heard the argument of counsel on September 6, 1967, and having considered the briefs and exhibits in support thereof, the Court finds that there is no genuine issue as to the following facts:

(1) Centerville Petroleum Drill Barge No. 2 ("Drill Barge No. 2") was, at the time of the alleged accident, a mobile drilling barge, capable of being floated from one location to another. It had been floated to the location where the accident is alleged to have occurred and it was later floated to another location.

(2) Drill Barge No. 2 was used to work over oil wells. It was floated to the location of the well on which work was to be performed and it was floated away after work was completed. While on location during a work-over, it was submerged and did not float.

(3) The exact length of time Drill Barge No. 2 remained on location at the time of the work-over during which the plaintiff was allegedly injured cannot now be determined because the records containing this information were destroyed in Hurricane Betsy. However, the usual duration of such a work-over was five to ten days.

(4) On the date of the alleged accident, Drill Barge No. 2 was submerged. The tanks with which it was provided had been filled. It could not be moved until the tanks were emptied and it was again floating.

(5) At the time of the alleged accident the barge was located in a body of water that was navigable. While the body of water was not navigable in the sense of being a regular artery of water traffic, it was navigable because this large barge had in fact been floated into it and was later floated out of it. It was therefore navigable in fact.[1]

(6) Drill Barge No. 2 had not been removed from navigation at the time of the alleged accident.

(7) On the date of the alleged accident the plaintiff was a regular member of its crew serving in the capacity of "floorman."

(8) In his capacity as "floorman," plaintiff contributed directly to the primary mission of the barge.

The Court finds that there is no genuine issue as to any other material facts.

It is therefore ordered that the motion of the plaintiff, Richard Lee Chenevert, for summary judgment in his favor on the issues that Centerville Petroleum Barge No. 2 is a vessel and that plaintiff was a seaman and a member of the crew of that vessel on the date of the accident sued on, is hereby, granted.

## MEMORANDUM OF REASONS FOR JUDGMENT

■ Originally questions of status like those here presented were considered to be questions of law. International Stevedoring Co. v. Haverty, 1926, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157; Warner v. Goltra, 1934, 293 U.S. 155, 55 S. Ct. 46, 293, 79 L.Ed. 254. Thereafter, it became settled that these questions might properly be questions of fact for the jury to resolve. South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Senko v. LaCrosse Dredging Corp., 1957, 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404; Grimes v. Raymond Concrete Pile Co., 1958, 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737; Gianfala v. Texas Company, 1955, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775. Now the circle has been completed and it is established that the question whether an object is a vessel and whether someone employed aboard it is a seaman and a member of its crew can be resolved by the court as a matter of law by directed verdict if there is no reasonable basis to support a jury finding to the contrary,[2] or disposed of by summary judgment when it is shown that there are no genuine issues as to any material facts.[3]

The ultimate material facts are not—indeed, cannot—be disputed. They are set forth in the Court's ruling to which these reasons are appended. In this case the only possible area for dispute on the status questions is whether the jury could reasonably draw any other inference from these facts than the determination that the barge was a vessel and the plaintiff a member of its crew.

The term "vessel" has been held to include special purpose structures such as a derrick,[4] or a dredge,[5] or a submersible

1. The Daniel Ball, 10 Wall. 557, 19 L. Ed. 999; United States v. Appalachian Electric Power Co., 1940, 311 U.S. 377, 61 S.Ct. 291, 85 L.Ed. 243.

2. Marine Drilling Co. v. Autin, 5 Cir., 1966, 363 F.2d 579; Producers Drilling Co. v. Gray, 5 Cir., 1966, 361 F.2d 432.

3. Prather v. California Oil Company, E.D. La., 1967, C.A. 12747; Loftis v. Southeastern Drilling Inc., E.D.La., 1967, 43 F.R.D. 32.

4. Summerlin v. Massman Construction Co., 4 Cir., 1952, 199 F.2d 715.

5. Wilkes v. Mississippi River Sand & Gravel Co., 6 Cir., 1953, 202 F.2d 383.

drilling barge.[6] In *Gianfala* the Supreme Court reversed the Court of Appeals and reinstated the District Court's judgment which was based upon the jury's finding that a submersible drilling barge, similar in all relevant respects to the barge in question here, was a "vessel." Following the decision in *Gianfala,* jury findings that submersible drilling barges were vessels have been consistently upheld. Adams v. Kelly Drilling Company, 5 Cir., 1960, 273 F.2d 887; Offshore Company v. Robison, 5 Cir., 1959, 266 F.2d 769. In Producers Drilling Company v. Gray, 5 Cir., 1966, 361 F.2d 432, a directed verdict on the status of a submersible drilling barge as a vessel was affirmed where there was no dispute of the fact that "[t]he barge was designed to transport drilling equipment to the well site, to submerge for the drilling operation and to refloat for removal to a new site."

In this case there is no genuine issue as to any fact material to the classification of the Centerville Drill Barge No. 2, and the facts allow no room for reasonable men to draw conflicting inferences that could lead to any conclusion other than that the structure in question is a "vessel."

Nor can any reasonable inference be drawn from the facts other than that Chenevert was a member of the crew of the vessel. Chenevert was part of the regular complement of men who manned Drill Barge No. 2 and his duties contributed to the function of the vessel upon which he was employed. It is not necessary that an employee live aboard the vessel in order to acquire the status of seaman. He need only be "more or less permanently attached to a vessel, including a special purpose structure * * * or * * * [perform] a substantial part of his work aboard such a vessel and, secondly, * * * the capacity in which he [is] employed or the duties which he [performs must contribute] to the function of the vessel or to the accomplishment of its mission or operation or the welfare of the vessel in terms of main-

tenance during movement or during anchorage for other trips." Marine Drilling Co. v. Autin, 5 Cir., 1966, 363 F.2d 579.

None of the facts material to the status of the plaintiff are the subject of genuine dispute, and together these facts militate toward the inescapable conclusion that Chenevert is a member of the crew of the vessel Drill Barge No. 2.

---

6. Gianfala v. Texas Company, 1955, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775.