Roy L. PRITCHETT, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 28360.

United States Court of Appeals, Fifth Circuit.

April 30, 1970.

---

C. S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., Oliver J. Latour, Jr., Mobile, Ala., for appellant.

Ross M. Diamond, Jr., Mobile, Ala., for appellee.

Before GEWIN, GOLDBERG and SIMPSON, Circuit Judges.

PER CURIAM:

■ Pritchett, a seaman electrician, sued the appellant under the Suits in Admiralty Act, 46 U.S.C.A. Sections 741–752, and the Public Vessels Act, 46 U.S.C.A. Sections 781–790, to recover damages for personal injuries sustained in a fall in the lower engine room of the SS MINOT VICTORY on December 13, 1966, while the vessel lay in port at Sunny Point, North Carolina, claiming that his injury was caused by the unseaworthy condition of the vessel and the defendant's failure to furnish him with a safe place to perform his assigned work. Following a trial before the court without a jury, the trial judge entered findings of fact and conclusions of law finding that the plaintiff's fall was caused by the unseaworthiness of the vessel and that as a direct result of the accidental fall he sustained injuries which rendered him permanently unfit for sea duty. For these permanent injuries, pain and suffering past and future, lost wages in the past and in the future, the court awarded damages in the sum of $50,000.00. Pritchett was 55 years of age, had been a seaman for 22 years and had annual earnings of over $10,000.00 for each of the two years preceding the accident.

■ The United States brought this appeal, attacking the findings of permanent injury, certain evidentiary rulings, and the failure of the trial court to itemize the various elements of damage comprising the $50,000.00 award.

Within a few weeks after he was found by Public Health doctors to be unfit for sea duty the plaintiff, in January 1968, suffered a stroke, which the trial court found was not caused by or contributed to by the injury received aboard the SS MINOT VICTORY. This finding is also attacked as contrary to the evidence.

From our examination of the record we are unable to say that any of the trial judge's findings or rulings complained of were "clearly erroneous." Rule 52(a), F.R.Civ.P. Further, we do not find that any error was committed in the failure to itemize the elements of damages comprising the $50,000.00 award.

The judgment of the lower court is

Affirmed.