**Billy J. NOBLE, Plaintiff-Appellee,**

v.

**BANK LINE, LTD., Defendant-Appellant.**

**No. 29289**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 14, 1970.

R. W. Woolsey, Corpus Christi, Tex., for appellant.

D. Yancey White, Corpus Christi, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, MORGAN and INGRAHAM, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Noble, a *Sieracki* seaman, was injured while working as a longshoreman aboard the S/S LINDENBANK on July 5, 1966. While he was assisting in replacing the hatchcovers, the rotten tagline on which he was pulling parted, causing him to tumble backwards and fall. In a trial before the Court, he was awarded damages of $83,600 against Shipowner. We affirm on the question of liability and vacate in part and remand on the issue of damages.[1]

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have

■ Most of Shipowner's claims we can dismiss at the outset. These include the findings of the Trial Judge that the ship was unseaworthy, that such unseaworthiness was a proximate cause of the injuries, and that Noble was free of contributory negligence. These findings are way above the Plimsoll mark of F. R.Civ.P. 52(a) before as well as after the brackish solution of maritime and civil actions.

All that is of appellate significance is the damage award. The Trial Court awarded damages for [i] lost wages in the past and future; [ii] pain, suffering, and mental anguish in the past and future; [iii] medical expenses in the past and future; and [iv] lost physical capacity other than wage earning capacity in the past and future.

Besides a broadside attack on reasonableness of the total award—an issue we defer—Shipowner urges that [ii] and [iv] are duplicative.[2] The argument takes this course. For bodily impairment (such as an herniated disc) the loss of earning capacity is determined under [iv]. But an effort as in [iv] to fix the money loss of "physical capacity other than wage earning capacity" unavoidably spills over into [ii] because such non-pecuniary items are encompassed within "mental anguish".

Where the Shipowner gets some knots from this argument is that, having identified the items of damage, the Judge did not itemize them generally, particularly, or otherwise. Thus, the seagoing chancellor, Compania Anonima Venezolana De Nav. v. A. J. Perez Exp. Co., 5 Cir., 1962, 303 F.2d 692, 699, 1962 AMC 1710, wraps his enigma in as much of an amphibious mystery as his twelve-fold counterpart of a land-locked jury.

Although we think that there is no occasion for us to try to penetrate this fog by some sort of appellate-inspired juridical radar, some comments are in order.

■ Thus, we do not agree with Shipowner that [ii] and [iv] necessarily overlap. Neither juries nor Judges—trial or appellate—need instruction on "pain and suffering". The same is true as to time "past or present". But the notion is completely unsupported that the non-pecuniary damage occasioned by the loss (or loss of use) of a member has to be wrapped up in the jargon of "mental anguish"—as though this represents some sort of perpetual anxiety in the post-pain period for what was and now is not.

With all of the prescience mistakenly imputed to Judges—"Solomonic or life tenured"[3]—we cannot draw the line so fine. A lawyer who works with his mind (and words) does not need a hand. But if he enjoys golf, or tennis or piano playing, he has suffered a loss even though with tenacity, courage, philosophic resignation and spiritual optimism he accepts his lot with no supposed, fictional, whimpering, despair or protest thought to be a part of that mystical—and yet undefined—phenomenon of "anguishing".

The illustrations can be magnified a hundred-fold, especially in this era when society has come to think of man as something more than a dollar-earning entity and as a being whose leisure hours are his to enjoy with family and friends in a situation free from crippling handicaps of person or environment, Zabel v. R. P. Tabb, Colonel, Corps of Engineers, 5 Cir., 1970, 430 F. 2d 199. This enlightened view was long ago expressed for Texas in Dr. Pepper Bottling Co. v. Rainboldt, Tex.Civ.App., 1933, 66 S.W.2d 496, rev'd on other grounds, 1936, Schroeder v. Rainboldt Tex., 97 S.W.2d 679, what the Court

directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804; Part I; and Huth v. Southern Pacific Co., 5 Cir., 1969, 417 F.2d 526, Part I.

2. Shipowner also challenges the use of a lump sum award.

3. Phillips v. Martin Marietta Corporation, 5 Cir., 1969, 416 F.2d 1257 (dissenting on en banc), cert. granted, 1970, 397 U.S. 960, 90 S.Ct. 994, 25 L.Ed.2d 252.

does is not declare law. Rather it is to take account of experience—proved human responses. Thus, going through the ritualistic categories of (a) pain-suffering and (b) anguish, the Court finds something else may remain. "In connection with the loss of the leg, he might suffer at the same time pain and anguish. The wound might heal and the pain and anguish disappear, but the bodily impairment * * * would remain." 66 S.W.2d 496, 501.

And more to the point that is precisely what this Court recognized in Neill v. Diamond M. Drilling Co., 5 Cir., 1970, 426 F.2d 487 [No. 28013, March 31, 1970], when, on rehearing, 426 F.2d 487 [No. 28013; June 8, 1970] it remanded for further findings on damages.[4]

On the other hand the consequences of a non-pecuniary loss (or loss of use) may well be due to real anguish such as embarrassment, humiliation or the like from physical or facial disfigurement, or the like.

Although we hold that there is no necessary duplication, overlapping or spilling over, we think there is no need whatsoever for the parties being left in this inscrutable fog which effectually denies any real review on whether—limited as is our look—the total award is unacceptable. Where elements having the likelihood of overlapping are excised by the Judge as having been considered, then it is good administration that he spell it out as he so easily can and as the rules encourage, if not require. F.R. Civ.P. 52(a).

This makes our task easy here for we do not need to consider, much less resolve, whether detailed damage findings are mandatorily required.

To be sure, our navigation has not been free of compass errors, variations and deviations. Thus, in Neal v. Saga Shipping Company, 5 Cir., 1969, 407 F. 2d 481, 489, we held "there is no requirement that * * * a trial court, sitting as a trier of fact, itemize the components that enter into an award of damages." See also Pritchett v. United States, 5 Cir., 1970, 425 F.2d 663; Henderson v. United States, 5 Cir., 1964, 328 F.2d 502. On the other hand, there are opinions that have determined for the particular case that a lump sum damage award is insufficient for purposes of review and thus have remanded for more specific damage findings. For example, in Lettsome v. United States, 5 Cir., 1969, 411 F.2d 917, we find this language: "We also think that the trial court under 52(a) should have found separately the amount of damages for loss of earnings and amount of damages for pain and suffering."[5] But whatever

---

4. "In the present case, upon reconsideration, we have decided to remand for additional findings in the light of certain objections raised by Diamond to the present findings of fact and conclusions of law. These objections are: (1) It appears that in awarding damages for lost wages and earning capacity, the court did not consider actual earning capacity but calculated damages on Neill's liability to engage in oilfield work (and thus that damages for this particular element are excessive); and (2) the award of damages for 'loss of physical capacity other than his capacity to earn wages' overlaps with damages for lost wages and earning capacity and/or past and future physical pain and mental anguish. Further findings to enable this Court to review these objections would include: (1) factors considered in awarding damages for lost wages and earning capacity, (2) the amount of damages for lost wages and earning capacity, (3) factors considered and the nature of the injury for 'loss of physical capacity other than capacity to earn wages,' and (4) the amount of damages for this element."
426 F.2d 492.

5. As is so often true in the precedential growth of the law, many oaks—elms, maples, pines—from little acorns grow, including many that are hardly warranted. See, e. g., of the cases of ten cited, Alexander v. Nash-Kelvinator Corp., 2 Cir., 1958, 261 F.2d 187, 190–191. *Alexander* and many others cite Hatahley v. United States, 1952, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065. *Hatahley* called for a division of damages because a single lump sum had been awarded to thirty different plaintiffs. Quite similar

difficulties in the past, the "stellar-aided inertial guidance system"[6] of Neill v. Diamond M. Drilling Company, 5 Cir., 1970, 426 F.2d 487 [No. 28013, March 31, 1970], on rehearing, 426 F.2d 487 [No. 28013, June 8, 1970] gives us a fix. There the Court made a realistic assessment of what the problems in the area were and concluded that there could be no per se rule. Whether a lump sum is permissible necessarily depends on the facts of the individual case. Certainly review would be easier for the appellate Court where the damages are itemized by usual, relevant categories.[7] There seems to be no real reason why this cannot readily be accomplished.[8]

In this record we find need of explication. Considering Noble's lack of education, his demonstrated limited intelligence level, the apprehension which he may justifiably have with medical support of the likelihood of a full herniated disc, the interruption to his intimate family life and plans occasioned by this injury, there is evidence to support each of elements [i] through [iv]. But whether totally, or separately, supported presents questions which cannot be readily resolved by the lump sum award.

Consequently the case must go back for further precise findings. We leave to the District Judge initially whether additional evidence is needed or appropriate. The Trial Court will then enter a fresh decree on damages.[9]

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

---

is Penn Tanker Co. v. United States, 5 Cir. 1969, 409 F.2d 514, 520–521, calling for a division of damages between two defendants. In these situations the need for splitting up the damages is fairly obvious.

6. Continental Oil Company v. London Steam-Ship Owners' Mutual Insurance Association, 5 Cir., 1969, 417 F.2d 1030, 1033, 1968 AMC 1882, 1887.

7. This parallels the desirability of special interrogatories under F.R.Civ.P. 49(a). See Brown, Federal Special Verdicts: The Doubt Eliminator, in Proceedings of the Annual Judicial Conference, Tenth Judicial Circuit of the United States, 44 F.R.D. 245 at 338 (1967); Little v. Bankers Life & Casualty Company, 5 Cir., 1970, 426 F.2d 509; Horne v. Georgia Southern & Fla. Ry., 5 Cir., 1970, 421 F.2d 975 (Brown concurring).

8. Of course *Neill* recognizes as it must that after the appellate travail the Court, unaided by specifics, may conclude it did not need them.

"* * * adequate review of an award can often be accomplished even though the award is in 'lump sum' form. A remand for further findings under Rule 52(a) is necessary only when an appellate court cannot adequately review the lump sum award in light of the objections raised as to the validity of the award."
426 F.2d 491, 492.

9. If either party is aggrieved the decree with findings and supplemental record shall be certified to this Court for action by this panel without taking a new appeal.