**BOH BROS. CONSTRUCTION CO., INC., Plaintiff-Appellant,**

v.

**M/V TAG–ALONG, her engines, tackle, apparel, etc., Continental Oil Company, her owner, M/V DIXIE CRUSADER, her engines, tackle, apparel etc., and Dixie Carriers, Inc., her owner, Defendants-Appellees.**

**No. 77–2116**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 27, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

H. Lee Lewis, Jr., Houston, Tex., for plaintiff-appellant.

Robert C. Davee, Houston, Tex., for Dixie Carriers.

Ned W. Johnson, Beaumont, Tex., for Continental Oil Co.

Before BROWN, Chief Judge, RONEY and HILL, Circuit Judges.

PER CURIAM:

Two towing vessels owned by the defendants, Continental Oil Company and Dixie Carriers, Inc., collided with each other and with a bridge that the plaintiff, Boh Bros. Construction Co., was in the process of building for the state of Louisiana. The defendants stipulated as to their liability and the trial concerned only the question of damages. The District Court awarded the plaintiff $21,284.38, plus prejudgment interest, for a total of $25,262.43. Boh Bros. claims that it is entitled to $31,611.76, which it asserts represents the cost of the repairs necessitated by the defendants' negligence, and appeals from the lower amount awarded by the District Court. Because we are uncomfortable in our ability to review the judgment in its present form, we remand for supplemental findings detailing the items on which the damage award was based.

In challenging the sufficiency of the award, Boh Bros. asserts that it is entitled to the cost of the repairs required to make the damaged bridge conform to the contract specifications, and presents an itemized catalogue of the costs it claims to have incurred. The defendants present a competing list, which conflicts with the plaintiff's analysis as to the items included and with both the plaintiff's and the Judge's calculations as to the bottom-line result. The District Court Judge held that Boh Bros. was entitled to recover $21,284.38 "for the reasonable cost of labor, material, supplies, overhead, and the reasonable rental value of the Plaintiff's own equipment necessary to effectuate repairs to the Forked Island bridge site." The Judge's findings do not specify which elements of the plaintiff's claim he accepted, and which of the defendants', in arriving at the total dam-

ages award. Both defendants offer a variety of theories to explain the difference between the Judge's award and the plaintiff's claim. Without a more precise description of the items of damage found to be proper and on which the total award was based, we are unable to assess these theories or do justice to the plaintiff's claims. We therefore remand for supplemental findings that will give this Court the information necessary for meaningful review.[1]

One point raised on this appeal gives us particular concern. Much of the repair work was performed by Boh Bros.'s regular work force, using plaintiff's own tools and equipment. From the trial court's description of the items included in the total award, it appears that the Judge allowed the plaintiff to recover overhead and a fair rental value for the use of its internal equipment. These items are clearly recoverable. *E. g., Freeport Sulphur Co. v. S/S Hermosa*, 5 Cir., 1976, 526 F.2d 300, 304. However, it is not clear whether the Judge included reasonable profits for the plaintiff's use of its own equipment and personnel in calculating the award. Had the plaintiff paid another business to do the repair work, the charge would certainly reflect an element of profit. The fact that plaintiff did the work itself does not make the element of profit any less recoverable, certainly in the sense that the tort victim ought not to suffer a further "loss" from the use of its own equipment which might otherwise be engaged in profitable outside employment. It is analogous to the traditional allowance for detention. On remand, the District Court should determine whether "reasonable rental value" for the equipment used in the repairs includes profits and, if not, modify the award to account for that item.

The District Court should certify copies of the supplemental findings to the clerk for this panel to review. A new appeal will not be required. The parties may, if they wish, file additional briefs within 20 days after the supplemental findings are made.

REMANDED.

---

1. We have found such an itemization of damages necessary in previous cases. *E. g., Noble v. Bank Line, Ltd.*, 5 Cir., 1970, 431 F.2d 520.