

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2004

# Lovett v. Weeks Marine Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2340

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Lovett v. Weeks Marine Inc" (2004). *2004 Decisions.* Paper 623.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/623

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2340
_____

VINCENT G. LOVETT

v.

WEEKS MARINE INC.;
JOHN DOE 1-50;
ABC CORP 1-50, in personam;
CRANE BARGE 511,
its tackle and appurtenances, etc., in rem

Weeks Marine Inc.,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 99-cv-05352)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
May 27, 2004

Before: SCIRICA, <u>Chief</u> <u>Judge</u>, FISHER and ALARCÓN,[*] <u>Circuit</u> <u>Judges</u>.

(Filed June 3, 2004)
_____

_____

[*]The Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals
for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FISHER, <u>Circuit</u> <u>Judge</u>.

Weeks Marine appeals from the district court's final judgment awarding $1.8 million to Vincent G. Lovett. The underlying action was brought pursuant to the Jones Act, 46 U.S.C. § 688, or in the alternative, under the Longshore and Harbor Worker Compensation Act (hereinafter "LHWCA"), 33 U.S.C. § 905(b). Lovett sought damages for personal injuries as a result of an October 17, 1999 accident on a barge owned and operated by Weeks Marine. Lovett was a deckhand on the barge, which was anchored in the Penobscot River in Bath, Maine.

At the conclusion of the bench trial, held in the District of New Jersey during June 2001, no verdict was rendered. Rather, the parties were instructed to submit proposed findings of fact and conclusions of law. Both parties submitted their proposed facts and conclusions before November 16, 2001.

On December 23, 2002, the district court released an order and judgment that awarded Lovett $1.8 million. Weeks Marine filed a motion for reconsideration on January 13, 2003, and the motion was denied on April 3, 2003.

Questions of law receive *de novo* review. *Robeson Industries Corp. v. Hartford*, 178 F.3d 160 (3d Cir. 1999). Findings of fact are not set aside unless clearly erroneous. Fed. R. Civ. P. 52(a). The issue of comparative negligence is a finding of fact. *New*

*Jersey Bank, N.A. v. Bradford Securities Operations, Inc.*, 690 F.2d 339, 347 (3d Cir. 1982).

Weeks Marine claims that numerous procedural anomalies generated by the trial court resulted in a denial of the defendant's right to due process, and that this denial of due process required reversal under any standard of review.

Specifically, Weeks Marine believes that due process rights were violated when the district court failed to render a decision or make any findings at the close of the trial, waited 18 months before issuing its decision, issued findings of fact and conclusions of law that were virtually identical to the plaintiff's proposals, and awarded a $1.8 million damage verdict without explanation.

The district court is not required to render a decision or make any findings at the close of trial, nor required to render its decision within a certain time period. *See*, *Railex Corp. v. Speed Check Co.*, 457 F.2d 1040 (5th Cir. 1972); *see also*, *United States Gypsum Company v. Schiavo Brothers, Inc.*, 668 F.2d 172, 176 (3d Cir. 1981). The district court's delay of over one year is not reversible error.

A district court's findings of fact are reviewed under a clearly erroneous standard. Fed. R. Civ. P. 52(a):

> Even though "a district court's findings, when adopted verbatim from a party's proposed findings, do not demand more stringent scrutiny on appeal," *Lansford-Coaldale Joint Water Auth. v. Tonolli Corp.*, 4 F.3d 1209 (3d Cir. 1993), the record must reflect, at least, that the trial court "fully comprehended the factual and legal issues and adequately performed the decision reaching process."

3

*Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 178 (3d Cir. 2001) (citations omitted).

Here, each finding of fact specifically cited to a transcript, document or exhibit. The trial court rejected approximately eighty of Lovett's proposed findings of fact, and modified approximately fifty additional proposed findings of fact. Many proposed findings were adopted with slight modifications. The findings of fact and conclusions of law were not adopted verbatim. The district court's findings of fact and conclusions of law were not clearly erroneous.

There is no requirement that an award must be broken into its component parts. A lump sum award of damages is within the discretion of the trial court. *Neill v. Diamond M. Drilling Co.*, 426 F.2d 487, 490 (5th Cir. 1970). The lump sum award does not constitute reversible error.

Weeks Marine was not deprived of any due process rights.

Weeks Marine claims that the district court erred in its interpretation of the facts presented in determining the applicability of legal issues. Weeks Marine asserts that the district court failed to make a factual determination between two mutually exclusive legal remedies, the Jones Act, and the LHWCA.

Seaman status is a very fact specific issue, dependant on the relationship of the employee and the nature of the vessel. *McDermott International, Inc. v. Wilander*, 498 U.S. 337, 356 (1991). Plenary review is exercised over the district court's selection of the standard by which employment status is judged, but the factual findings may only be

4

overturned if found to be clearly erroneous. *Evans v. United States Arab Shipping Co.*, 4 F.3d 207, 213 (3d Cir. 1993). The district court properly found that Lovett was a seaman under the Jones Act. *Norton v. Warner Co.*, 321 U.S. 565 (1944); *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995).

Finally, Weeks Marine believes that the district court erred in its analysis of comparative negligence, because Lovett "was injured in the course of his employment by a known risk he encountered fifteen to twenty times a day." Appellant's Brief at 19. Under the clearly erroneous standard, the evidence supports the district court's finding that Lovett was not negligent in any manner. Lovett did not know there was a crush zone between the mate's house and the crane. He was not aware of a prior accident, and no additional safety procedures were implemented as a result of that previous accident.

Accordingly, we will affirm the judgment of the district court.

_____